Bunjaj v. Barr

BIA
Hochul, IJ
A206 252 508

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ALEKSANDER BUNJAJ,
> *Petitioner,*

v.                                                    17-2184
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Aleksander Bunjaj, pro se, Bronx, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aleksander Bunjaj, a native and citizen of Albania, seeks review of a June 14, 2017, decision of the BIA affirming an August 4, 2016, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aleksander Bunjaj,* No. A206 252 508 (B.I.A. June 14, 2017), *aff'g* No. A206 252 508 (Immig. Ct. N.Y. City Aug. 4, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in concluding that Bunjaj failed to satisfy his burden of proof for asylum, withholding of

removal, and CAT relief. He claimed that supporters of a local Socialist Party politician shot guns in the air outside his home in 2009 when his father refused to vote for the politician, and that police detained and beat him and unidentified individuals threatened him in the run up to the 2013 elections on account of his support for the Albanian Democratic Party. To establish eligibility, an asylum applicant must show that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

Past Persecution

"Persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir. 2005)). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d

3

332, 341 (2d Cir. 2006) (internal quotation marks omitted). As we recognized in *Beskovic*, "'the difference between harassment and persecution is necessarily one of degree,' . . . the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quoting *Ivanishvili*, 433 F.3d at 341) (internal citation omitted). "The [agency] must, therefore, be keenly sensitive to the fact that a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Id.*

In determining whether Bunjaj established past persecution, the agency acknowledged *Beskovic* and explicitly considered the cumulative effect of the incidents endured by Bujaj as required, *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005). Nevertheless, the agency reasonably concluded that the harm Bunjaj suffered, while reprehensible, was not sufficiently extreme to constitute persecution given that Bunjaj was detained for only one night and suffered only bruising that his mother treated with household items.

4

Additionally, the incidents were limited in scope, occurring four years apart during election time and purportedly solely at the behest of a local politician. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "*prior to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect*").

Well-Founded Fear of Future Persecution

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). Bunjaj failed to establish an objectively reasonable fear of persecution on account of his membership in the Albanian Democratic Party.

The agency reasonably found that the evidence showed that the Democratic Party had controlled the national government of Albania for years and retained a significant number of

5

parliamentary seats, and that there were no reports of political prisoners in Albania. *See Hoxhallari v. Gonzales*, 468 F.3d 179, 185, 187-88 (2d Cir. 2006) (affirming the agency's determination that the Albanian Democratic Party's established electoral successes and parliamentary seats diminished any fear of future harm nationwide). Further, the agency reasonably found significant that Bunjaj had not detailed any threats or harm to himself or his family members who are active in the Democratic Party since the 2013 elections. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding future fear diminished when similarly situated individuals are able to live unharmed in asylum applicant's native country); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best").

Accordingly, the agency reasonably found that Bunjaj failed to demonstrate a well-founded fear of persecution, and did not err in denying asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court